| | | |
|---|---|---|
| SA'RAYA HARDEN, ADMINISTRATOR OF THE ESTATE OF ADREYA HARDEN<br>　　　　Plaintiff, | :<br>:<br>:<br>: | IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA |
| | :<br>: | CIVIL ACTION – LAW |
| v. | : | JURY TRIAL DEMANDED |
| WEST SIDE CAREER AND TECHNOLOGY CENTER, WYOMING VALLEY WEST SCHOOL DISTRICT, RICHARD RAVA in his individual capacity, and DOE(S) 1-10,<br>　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: | No. 23-CV-01631 |

## DEFENDANTS WEST SIDE CAREER AND TECHNOLOGY CENTER AND RICHARD RAVA'S
## REPLY TO PLAINTIFF'S OPPOSITION TO THEIR MOTION FOR SUMMARY JUDGMENT

**KING, SPRY, HERMAN, FREUND & FAUL, LLC**
John E. Freund, Esq.
Attorney ID # 25390
Alyssa M. Hicks, Esq.
Attorney ID #325722
One West Broad Street, Suite 700
Bethlehem, Pennsylvania 18018
*Attorneys for Defendants*

{01406183 4}　　　　　　　　1

**REPLY**

I. <u>Despite Plaintiff's best efforts, the record still fails to establish a failure to train claim.</u>

In her opposition, Plaintiff overlooks the controlling law for a Section 1983 failure to train claim, which is that the constitutional violation must be caused by a state actor **and** perpetrated by a school entity through its own policies or customs. See <u>Monell v. Dep't. of Soc. Serv.</u>, 436 U.S. 658, 691 (1978). Plaintiff argues that it is "undisputed a student has a constitutional right to be free from sex discrimination in school" and relies on a Pennsylvania Western District case for support[1]. <u>See</u> ECF # 50 at p. 7; <u>S.K. v. Allegheny Sch. Dist.</u>, 168 F. Supp. 3d 786, 812 (W.D. Pa. 2016). The <u>S.K.</u> Court[2] elaborated that a student has "the right to be free from sexual harassment **perpetrated by government officials** in a public school." 168 F. Supp. at 812 (emphasis added). Importantly, while contemplating the requirements of <u>Monell</u>, the <u>S.K.</u> Court emphasized that it is not enough to "merely identify conduct properly attributable to the [school]," because to be entitled

---

[1] Notably, this case also contemplated sex discrimination in the context of Title IX, which is not presently before the Court.

[2] It is worth noting that the facts of S.K. are wildly different from the facts before the Court. S.K. alleged she was bullied/threatened and sexually harassed by multiple students on a daily basis both inside and outside of school. <u>S.K.</u>, 168 F. Supp. at 796. The harassment included being called sexually explicit names. <u>Id.</u> A group of students went so far as to alter a picture of S.K. so a banana could be placed in her mouth and then distributed the picture throughout the hallways. <u>Id.</u> On two occasions, football players threw bananas at her and "loudly proclaimed she had herpes." <u>Id.</u> S.K. was also physically and sexually assaulted on multiple occasions. <u>Id.</u> After each incident, S.K. or her parents would report what happened to the principal, the guidance counselor, and/or her teachers. <u>Id.</u> It was alleged that the students involved were neither disciplined nor confronted at any point. <u>Id.</u> After six months of the harassment, S.K. attempted to take her own life. <u>Id.</u>

to recovery, it must also be shown "that through its deliberate conduct, the [school] was the 'moving force' behind the injury alleged." Id. at 815 (internal quotations and citations are omitted). Plaintiff continues to fail to identify a constitutional violation and, alternatively, that Tech was deliberately indifferent in its alleged failure to train employees.

**(a)    The record remains devoid of a state actor violating Decedent's constitutional rights.**

As alleged in the Complaint and supported by the record, the single incident of sexual harassment occurred between Decedent and another student. Plaintiff seemingly does not suggest that this third party act could be a constitutional violation caused by a state actor. In fact, such a conclusion is improbable. This single incident was reported to Tech's principal, Mr. Rava, the day it occurred, September 29, 2021 at approximately 10:43 A.M. See J.A. Exhibit A at BS SD00048. Prior to this incident, no other concerns were reported to Mr. Rava regarding Decedent. See J.A. Exhibit D at p. 66:22-25; 67:1. After Mr. Rava received the referral, he spoke and issued discipline to the offending student. Id. at p. 57:9-14. The offending student received a three day in school suspension where he would not have interacted with Decedent. Id. at p. 66:14-16. After speaking with the offending student and learning that it was an isolated incident, Mr. Rava chose to treat the incident as a "bullying-like activity." Id. at p. 50:3-11. Mr. Rava submits that he did not refer the matter to Tech's Title IX Coordinator. Id. at 50:3-17.

Since this incident alone cannot be deemed a constitutional violation committed by a state actor, Plaintiff argues that a violation occurred (1) when Mr. Rava did not follow Tech's bullying policy by failing to report the incident to the Title IX Coordinator, and (2) when Mr. Rava permitted the offending student to return to class to "continue[] to discriminatorily harass" Decedent[3].  See ECF # 50 at p. 7-8.  Neither amounts to a constitutional violation.  Regarding Mr. Rava's decision to not report the incident to Tech's Title IX Coordinator, Plaintiff argues that this "shows an obvious lack of training regarding discrimination."  See ECF No. 50 at p. 10.  Prior to discussing why this fails to meet the failure to train standard, it is important to note that Plaintiff fails to rationalize how this alleged failure amounts to a constitutional violation.  At the start of her opposition, she says a student has a right to be free from sexual discrimination in a school.  Therefore, the initial assumption is the allegation is that Mr. Rava's failure to report must be intentional sexual discrimination.  But, there is nothing on the record to support this and, in fact, Plaintiff does not even make this argument.  More specifically, there is nothing in the record to suggest that Mr. Rava's decision was motivated by Decedent's sex.  See generally the J.A. Exhibits.

Instead, Plaintiff cloaks her inability to establish Monell liability with Decedent's suicide.  Plaintiff argues that because Mr. Rava did not refer the matter

---

[3] This is a slanderous misrepresentation of the record.

{01406183 4}                                4

to Tech's Title IX Coordinator, Decedent was not afforded "remedial measures" such as counseling, and that act resulted in Decedent's suicide. Plaintiff then references Pennsylvania law regarding student suicide. Plaintiff compares Tech's suicide policies and procedures with the School District's and models from third party resources. Plaintiff paints a picture that Tech's suicide policies and procedures are insufficient, which it vehemently disputes. But, the same are not relevant to whether Mr. Rava's actions amount to a constitutional violation. Decedent's suicide is not the constitutional harm. The question before the Court is, did Mr. Rava violate Decedent's constitutional right when he failed to report the incident to Tech's Title IX Coordinator? And if so, did Tech cause this constitutional violation by failing to train Mr. Rava? The answer to both questions is no.

The record shows that Mr. Rava believed the offending student's inappropriate behavior was addressed. The record shows there were no prior issues with Decedent and other students during the **four** days she was in school. See SMF at ¶ 96. After the incident, Decedent came to school for one day and then never returned. Id. at ¶ 123. Plaintiff alleges that Mr. Rava's second constitutional violation occurred when he permitted the offending student to go back to class to harass Decedent. See ECF 50 at p. 8. There is nothing in the record to substantiate that this occurred. The classroom teacher testified that he did not recall the offending student returning to the classroom. See J.A. Exhibit H at p. 15:7-10. Moreover, in the afternoon, the

students disperse to various academic courses and it is unknown whether Decedent and the offending students were in those classes together.  See  J.A. Exhibit D at p. 36:1-6; Exhibit H at p. 17:22-25, 18:1-9.  Mr. Rava neither testified that he permitted the offending student to go back to class with Decedent nor that he was aware of any problems after he issued the discipline.  See generally Exhibit D.  Plaintiff boldly accuses Mr. Rava of nefarious acts without a scintilla of evidence to back it up.  Notwithstanding, neither of the alleged acts are sufficient to establish a violation of a constitutional right.

Based on the foregoing, it remains evident that Plaintiff fails to establish Monell liability for both Tech and Mr. Rava as the record is devoid of an intentional constitutional violation.

### (b) Alternatively, the record cannot substantiate deliberate indifference.

Plaintiff then argues that because Mr. Rava failed to report the incident to the Title IX Coordinator, Tech clearly failed to train him to such a degree to warrant damages.  Plaintiff also spends a considerable amount of time discussing Tech's suicide policies and procedures despite the same being unrelated to the alleged constitutional violation.  Notwithstanding, Plaintiff seems to once again forget the high burden for a Section 1983 failure to train claim.

Generally, a plaintiff must prove that a government actor committed a constitutional violation and that it was caused by their employer's failure to train.

See generally City of Canton, Ohio v. Harris, 489 U.S. 387, 389 (1989).  But that failure to train, must be based on a "deliberate or conscience choice."  Brown v. Muhlenberg Twp., 269 F.3d 205, 215 (3d Cir. 2001).  For purposes of establishing deliberate indifference, Plaintiff concedes there is no pattern of tortious conduct and, instead, indicates that the record meets the single instance theory.  See ECF # 20 at p. 16.  This theory, however, exists for rare circumstances where in the face of no training whatsoever, a constitutional violation is objectively obvious.  The burden for the same is high.  See Berg v. County of Allegheny, 219 F.3d 261, 276 (3d Cir. 2000).  The Supreme Court "hypothesized that, in a ***narrow range of circumstances***, a violation of federal rights may be a highly predictable consequence of a [public entity's] failure to" train.  Board of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 409 (1997) (emphasis added).

There is nothing on the record to support Plaintiff's argument that a lack of training on the bullying policy, written in plain, clear language, would result in Tech's employees violating a constitutional right.  Tellingly, Plaintiff implies that "an injury could have been avoided if a school official had better or more training," which "is not enough to show municipal liability."  Kline v. Mansfield, 255 Fed. Appx. 624, 627 (3d Cir. 2007). The Supreme Court expressly rejected cases like this:

> In virtually every instance where a person has had his or her constitutional rights violated by a city employee, a § 1983 plaintiff will be able to point to something the city

> "could have done" to prevent the unfortunate incident. Thus, permitting cases against cities for their "failure to train" employees to go forward under § 1983 on a lesser standard of fault would result in *de facto respondeat superior* liability on municipalities – a result we rejected in Monell [ ]. It would also engage the federal courts in an endless exercise of second-guessing municipal employee-training programs. This is an exercise we believe the federal courts are ill suited to undertake, as well as one that would implicate serious questions of federalism.

City of Canton, 489 U.S. at 392 (internal citations omitted). Based on well-established case law, Plaintiff cannot meet this high burden.

Finally, Plaintiff continues to make allegations regarding Tech's suicide policies and procedures. Plaintiff argues that because Tech did not have a suicide prevention policy in accordance with Pennsylvania law, that it was deliberately indifferent. But again, the issue is not whether a constitutional violation resulted in Decedent's suicide but whether a failure to train resulted in an employee violating Decedent's constitutional rights. Plaintiff cites to a variety of case law to support its argument, but these cases are neither controlling nor analogous[4]. See ECF # 50 at p. 20 where Plaintiff cites to the following: Meyers v. Cincinnati Bd. of Educ., 983 F.3d 873 (6th Cir. 2020) (the opinion contemplated plaintiffs' state tort actions only

---

[4] Plaintiff recklessly misrepresents the law to the Court. Plaintiff boldly claims that a district court concluded that an administrator's failure to protect a student from bullying was enough to subject the school administration to civil rights liability. The case Plaintiff directly relies on is one where the court heard an appeal rejecting governmental immunity for state tort causes of action. At no point did this court consider civil rights liability despite Plaintiff's representation that it did.

and did not address the Section 1983 claim); Galloway v. Chesapeake Union Exempted Vill. Sch. Bd. of Educ., 2012 WL 5268946 (S.D. Ohio Oct. 23, 2012) (plaintiffs brought forth various disability discrimination claims under both federal and state claims; plaintiffs' Monell claim dismissed because they failed to plead facts "to draw the reasonable inference that there is an inadequacy in Defendant's training that is likely to cause its employees to encourage or not prevent bullying."); Mohat v. Horvath, 2013 WL 5450296 (11th Dist. Ohio Ct. Sept. 30, 2013) (plaintiffs assert state tort claims against a teacher only); Elsharkawy v. Chicago Lakes Sch. Dist. Bd. of Educ., 2021 U.S. Dist. LEXIS 143780 (D. Minn. Aug. 2, 2021) (dismissing plaintiff's federal claims (due process clause, equal protection clause, Section 504 of the Rehabilitation Act, and the Americans with Disabilities Act) for the failure to state a claim).

Thus, because Plaintiff's opposition provides no legitimate challenge to Tech and Mr. Rava's motion for summary judgment, Tech and Rava are entitled to judgment as a matter of law.

II.     Mr. Rava remains immune from all counts.

The record is completely devoid of any evidence to support that Mr. Rava intentionally violated Decedent's constitutional rights. Plaintiff's sole argument contrary to the same is that Mr. Rava allowed the offending student to return to class knowing the student would continue to harass Decedent. There is absolutely no

evidence to support that these students continued to interact or that Mr. Rava did so with the intent to subject Decedent to harassment. The classroom teacher testified that he did not recall the offending student returning to the classroom. <u>See</u> J.A. Exhibit H at p. 15:7-10. Moreover, in the afternoon, the students disperse to various academic courses and it is unknown whether Decedent and the offending students were in those classes together. <u>See</u>  J.A. Exhibit D at p. 36:1-6; Exhibit H at p. 17:22-25, 18:1-9. Mr. Rava neither testified that he permitted the offending student to go back to class with Decedent nor that he was aware of any problems after he issued the discipline. <u>See generally</u> Exhibit D. Plaintiff blatantly misrepresents the record which actually shows that Mr. Rava promptly responded to a discipline referral, issued discipline, and no subsequent concerns were reported. Per Mr. Rava's testimony, these students would not have interacted for the next several days. That is wildly different than Plaintiff's allegation that Mr. Rava intentionally reunited these students for the sole purpose of subjecting Decedent to harassment.

Based on the record, Plaintiff fails to establish that Mr. Rava intentionally violated Decedent's constitutional rights, thus, he remains entitled to qualified immunity.

## CONCLUSION

Based on the foregoing, both the West Side Career and Technology Center and Richard Rava remain entitled to judgment as a matter of law. Their Motion for Summary Judgment should be granted in its entirety and Plaintiff's case dismissed.

Respectfully submitted,

KING, SPRY, HERMAN, FREUND & FAUL, LLC

Dated: February 7, 2024        By: /s/ Alyssa M. Hicks
John E. Freund, III, Esq.
Attorney I.D. No. 25390
Alyssa M. Hicks, Esq.
Attorney I.D. No, 325722
One West Broad Street, Suite 700
Bethlehem, Pennsylvania 18010
(610) 332-0390
*Attorneys for West Side Career and Technology Center, Wyoming Valley West School District, and Richard Rava*

{01406183 4}                                11