| | |
|---|---|
| SA'RAYA HARDEN, ADMINISTRATOR OF THE ESTATE OF ADREYA HARDEN,<br>    Plaintiff<br><br>v.<br><br>WEST SIDE CAREER AND TECHNOLOGY CENTER, WYOMING VALLEY SCHOOL DISTRICT, RICHARD RAVA in his individual capacity, and DOE(S) 1-10,<br>    Defendants | IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA<br><br>CIVIL ACTION – LAW<br>JURY TRIAL DEMANDED<br><br>No. 3:23-CV-01631 |

**DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S DENYING SUMMARY JUDGMENT AS TO PLAINTIFF'S CLAIMS AGAINST RICHARD RAVA**

Defendant, Richard Rava (hereafter "Rava"), through his attorneys, King, Spry, Herman, Freund & Faul, LLC, moves for reconsideration of this Honorable Court's denial of summary judgment as to the Failure to Train and Equal Protection Clause claims of Plaintiff, Sa'Raya Harden, Administrator of the Estate of Adreya Harden, (hereafter "Plaintiff") and respectfully requests that summary judgment be granted as to Count V, Failure to train, in violation of Plaintiff's Constitutional and Federal rights, pursuant to 42 U.S.C. § 1983 (against Rava) and Count IX, Discrimination on the basis of sex in violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, pursuant to 42 U.S.C. § 1983 (against Rava) of Plaintiff's Complaint, and in support thereof avers as follows:

BACKGROUND

1. On September 15, 2058, this Honorable Court entered its Order and Opinion on Defendant's motions for summary judgment. The Court granted the motions of West Side Career and Technology Center ("Tech") and Wyoming Valley West School District, thereby dismissing them from the case. The Court denied summary judgment to Richard Rava, Principal of Tech, who was sued in his individual capacity.

The Court erred in failing to grant Defendant, Rava's, motion for summary judgment for Qualified Immunity.

2. Plaintiff's Complaint alleges the following counts: Count V, Failure to train, in violation of Plaintiff's Constitutional and Federal rights, pursuant to 42 U.S.C. § 1983 (against Rava) and Count IX, Discrimination on the basis of sex in violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, pursuant to 42 U.S.C. § 1983 (against Rava).

3. Reconsideration may be granted for any of the following reasons: (1) failure to train theories under 1983 are claims that lie against the public body, not against an individual defendant; (2) failure to train theories challenge the obligation of a public body to train its employees, and it does not lie against an individual employee for failure to be trained.

4. The Defendant respectfully requests that this Honorable Court grant reconsideration because of the need to correct clear error of law or prevent manifest injustice.

5. The Defendant respectfully requests that this Honorable Court grant summary judgment as to <u>Count V</u>, Failure to train, in violation of Plaintiff's Constitutional and Federal rights, pursuant to 42 U.S.C. § 1983 (against Rava) and <u>Count IX</u>, Discrimination on the basis of sex in violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, pursuant to 42 U.S.C. § 1983 (against Rava), of Plaintiff's Complaint.

<u>MOTION FOR RECONSIDERATION</u>

6. The reasons given for granting Defendant's Motion for Summary Judgment must perforce apply to Rava as an individual defendant.  There is no case law supporting the duty of an individual defendant to train subordinates independent of the duty ascribed to the public employer.  Moreover, if such a duty did exist, there is nothing in the record to define Rava's duty to train or that he acted with the deliberate indifference required by case law. <u>Bd. of the Cnty. Comm'rs v. Brown</u>, 520 U.S. 397, 410 (1999). <u>City of Canton v. Harris</u>, 489 U.S. 378, 390, n.10.

7. The Court denies  Rava summary judgment on the failure to train claims while granting West Side Career and Technology Center's (hereinafter

"Tech") motion because substantive arguments on this issue were addressed on Tech's motion but not Rava; however, since the failure to train theory does not lie against an individual defendant, it would have been superfluous to repeal the same arguments for Rava.

8. Individuals generally cannot be held liable for "failure to train" unless they were directly involved in the constitutional harm.

9. In civil rights cases, it is critical to distinguish between holding a municipality liable and holding an individual officer or supervisor liable.

10. This is not a failure to train claims in the same way as a Monell claim against a municipality. Instead, it is a claim that the supervisor's own conduct, their decision not to train or supervise was the direct cause of the subordinate's constitutional violation.

11. Following is the extent of the record evidence of Rava's involvement with training, Rava NT 50-64.

EQUAL PROTECTION CLAIM

12. State actions are "entitled to qualified immunity under § 1983 unless they (1) violated a federal statutory or constitutional right and (2) the unlawfulness of their conduct was clearly established at the time.

Neither the Third Circuit Court of Appeals nor the United States Supreme Court have addressed whether the Equal Protection Clause protects students from a school's deliberate indifference to student-on-student harassment.

Despite this recognition that the protection under the Equal Protection Clause was not "clearly established", the court denied Rava qualified immunity when it is not clearly established law that the Equal Protection Clause protects students from a school's deliberate indifference to student-on-student harassment.

**WHEREAS**, the Defendant respectfully requests that this Honorable Court grant reconsideration of its decision denying summary judgment as to <u>Count V</u>, Failure to train, in violation of Plaintiff's Constitutional and Federal rights, pursuant to 42 U.S.C. § 1983 (against Rava) and <u>Count IX</u>, Discrimination on the basis of sex in violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, pursuant to 42 U.S.C. § 1983 (against Rava) of Plaintiff's Complaint.

Date: September 30, 2025　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　KING SPRY HERMAN
　　　　　　　　　　　　　　　　　　FREUND & FAUL, LLC

　　　　　　　　　　　　　　　　BY: _____
　　　　　　　　　　　　　　　　　　　John E. Freund, III, Esquire
　　　　　　　　　　　　　　　　　　　Attorney ID #25390
　　　　　　　　　　　　　　　　　　　Alyssa M. Hicks, Esquire
　　　　　　　　　　　　　　　　　　　Attorney ID #325722
　　　　　　　　　　　　　　　　　　　One West Broad Street, Suite 700
　　　　　　　　　　　　　　　　　　　Bethlehem, PA 18018
　　　　　　　　　　　　　　　　　　　Phone: (610)332-0390
　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned attorneys for Defendant hereby certify that a true and correct copy of the foregoing document has been electronically filed and is available for viewing and downloading from the ECF system in accordance with the local Federal Rules of Civil Procedure and has been served electronically upon the following counsel of record on this day addressed as follows:

Nathaniel L. Foote
nate@vca.law
Ryan Dickinson
ryan@vca.law
Andreozzi & Foote
4503 North Front Street
Harrisburg, PA 17110

Date: September 30, 2025          Respectfully submitted,

                                        KING SPRY HERMAN
                                      FREUND & FAUL, LLC

                                      BY: _____
                                             John E. Freund, III, Esquire
                                             Attorney ID #25390
                                             Alyssa M. Hicks, Esquire
                                             Attorney ID #325722
                                             One West Broad Street, Suite 700
                                             Bethlehem, PA 18018
                                             Phone: (610)332-0390
                                             *Attorneys for Defendant*