# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SA'RAYA HARDEN, ADMINISTRATOR OF THE ESTATE OF ADREYA HARDEN, *Plaintiff*, | : : : : : | NO. 3:23-cv-01631-MEM<br><br>CIVIL ACTION |
| v. | : : | |
| WEST SIDE CAREER AND TECHNOLOGY CENTER, WYOMING VALLEY SCHOOL DISTRICT, RICHARD RAVA in his individual Capacity, and DOE(S) 1-10, *Defendants*. | : : : : : : | |

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT RICHARD RAVA'S MOTION FOR RECONSIDERATION

Plaintiff Sa'Raya Harden, Administrator of the Estate of Adreya Harden, files this Brief in Opposition to Defendant Richard Rava's ("Rava") Motion for Reconsideration.

## SUMMARY OF THE ARGUMENT

In its September 25, 2025 Decision and Order, this Court properly denied summary judgment as to Defendant Rava. Now, Defendant Rava seeks reconsideration of this Decision and Order based on misleading interpretations of case law and by inappropriately raising arguments he failed to raise in his original motion. As neither of these are legitimate reasons for this Court to reconsider its Decision and Order, Plaintiff's Motion for Reconsideration must be denied in its entirety.

## PROCEDURAL HISTORY

Plaintiff Sa'Raya Harden filed her Complaint on October 10, 2023. (ECF #1) On December 21, 2023, all three Defendants filed a Motion to Dismiss the Complaint. (ECF #2)

On August 2, 2024, this Court dismissed Plaintiff's Title IX claims against the District and Tech without prejudice and denied the Motion to Dismiss in all other respects. (ECF #26)

On August 21, 2024, the parties filed a joint motion to bifurcate discovery and proceed with discovery on liability only. (ECF #28) On August 22, 2024, the parties

stipulated to dismissal of all Title IX claims (Counts I-IV) as to all parties. (ECF #29) On August 23, 2024, this Court granted the parties' joint motion to bifurcate discovery. (ECF #30) On November 11, 2024, the parties stipulated to dismiss Counts X-XII against Doe Defendants. (ECF #34)

On December 2, 2024, Defendants Tech, the District, and Rava filed a Motion for Summary Judgment. (ECF #35) On September 15, 2025, this Court granted summary judgment as to Defendants West Side Career and Technology Center and Wyoming Valley School District and denied summary judgment as to Defendant Rava. (ECF #53) Defendant Rava now moves this Court to reconsider its decision.

## STANDARD OF REVIEW

"A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Ogden v. Keystone Residence, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002) (citation omitted); see also Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 314 n.3 (M.D. Pa. 1994), aff'd, 31 F.3d 1175 (3d Cir. 1994). The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

A judgment may be amended or altered if the party seeking reconsideration shows at least one of the following: "(1) an intervening change in the controlling law; (2)

the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. "By reason of the interest in finality, at least at the district court level, motions for reconsideration should be sparingly granted." Cole's Wexford Hotel, Inc. v. UPMC & Highmark, Inc., No. CV 10-1609, 2017 U.S. Dist. LEXIS 13645, 2017 WL 432947, at *1 (W.D. Pa. Feb. 1, 2017).

A motion to reconsider "may not raise new arguments that could have (or should have) been made in support of or in opposition to the original motion." Helfrich v. Lehigh Valley Hosp., No. 03-cv-05793, 2005 U.S. Dist. LEXIS 14792, 2005 WL 1715689, at *3 (E.D. Pa. July 21, 2005); see also Farkas v. Rich Coast Corp., 2014 U.S. Dist. LEXIS 16696, 2014 WL 550559, at *2 (W.D. Pa. Feb. 11, 2014) ("A motion for reconsideration may not be used to present a new legal theory for the first time or to raise new arguments that could have been made in support of the original motion.")

## LEGAL ARGUMENT

A. **The Court did not err in failing to grant Defendant Rava's Motion for Summary Judgment with respect to his asserted defense of qualified immunity.**

Defendant Rava argues in his brief that this Court erred in denying summary judgment based on qualified immunity when it found that, at the time of Plaintiff's injury, there was a "robust consensus" of authority regarding the right to be free from

the deliberate indifference of school officials to reports of student-on-student sexual harassment. (ECF #55, at 2) To support this contention, Defendant Rava first argues that "two of the cases cited [by the Court in support of its finding of a robust consensus] are after Decedent's suicide." (Id. at 2) (clarification added) Therefore, according to Defendant Rava, there did not exist a consensus at the time of Defendant Rava's conduct, and Defendant Rava is accordingly entitled to qualified immunity. This argument, though, focuses only on the dates these decisions were published and not on the facts of the cases themselves.

In its Memorandum Opinion, this Court cited to L.S. v. Hanover Area School District, 2024 U.S. Dist. LEXIS 92252 (M.D. Pa. May 23, 2024), in support of its finding of a robust consensus. (ECF #52, at 40) The L.S. court itself collects cases supporting this consensus. See L.S., 2024 U.S. Dist. LEXIS 92252, at *53-54. The cases cited by the L.S. court range from 1996-2023. However, both L.S. and the case from 2023 **examined conduct that occurred in 2021**. See id., at *1-2 (M.D. Pa. May 23, 2024) ("Plaintiff L.S. brings this action as the result of an alleged sexual assault involving her daughter, D.S., which occurred at the Lyndwood Learning Center in Hanover Township, Pennsylvania on November 22, 2021."); Williams v. Jersey Shore Area Sch. Dist., 2023 U.S. Dist. LEXIS 224159 (M.D. Pa. Dec. 15, 2023) ("The Court now turns to the Individual Defendants argument that they are

entitled to qualified immunity because 'there is absolutely no existing law which was clearly established . . . in the fall of 2021…'")

As this Court will recall, Adreya died by suicide on October 5, 2021. (ECF #52, at 1) Therefore, **<u>none</u>** of the cases cited by this Court examined conduct occurring after Adreya's suicide. Indeed, the L.S. court explicitly spells this out in its opinion. ("**<u>As of November 2021</u>**, the Fourth, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuits had held that an individual may be held liable under the Equal Protection Clause for deliberate indifference to student-on-student sexual harassment.") (emphasis added) Unless Defendant Rava contends that a robust consensus was formed in the month between his conduct and the conduct in L.S., his suggestion that this Court relied on untimely precedent in reaching its decision is simply incorrect.

Defendant Rava next argues that "this Court fails to recognize other qualities that must be ascribed to qualify for a legal principle to be 'clearly established' for purposes of assigning qualified immunity." (ECF #55, at 2) In support of this vague statement, Defendant Rava cites <u>District of Columbia v. Wesby</u> and its finding that "[i]t is not enough that the rule is suggested by then-existing precedent. The precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." 583 U.S. 48, 63 (alteration added). This dicta adds nothing to the discussion, though. Indeed, these sentences

are found within a paragraph in which the Court discusses that to be clearly established, a rule must be dictated by a robust consensus of persuasive authority,[1] a finding that this Court already made in its Memorandum Opinion and that Defendant does not credibly dispute in the instant motion. In other words, the sentences in Wesby cited by Defendant do not describe "other qualities that must be ascribed to qualify for a legal principle to be 'clearly established'"; rather, they simply elaborate on a point that this Court described exhaustively in its Memorandum Opinion.

Defendant Rava concludes by arguing that, in his opinion, his conduct was not all that bad. However, this Court already "concluded a genuine dispute exists regarding Principal Rava's response to the name-calling incident and that such a dispute is material," (ECF # 52, at 41), and Defendant Rava provides nothing to demonstrate that this conclusion was incorrect in the first instance.

---

[1] The entire paragraph is as follows:

To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent. The rule must be settled law, which means it is dictated by controlling authority or a robust consensus of cases of persuasive authority. **It is not enough that the rule is suggested by then-existing precedent. The precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply.** Otherwise, the rule is not one that every reasonable official would know. 583 U.S. 48, 63 (2018) (internal citations and quotations omitted) (emphasis added to portion cited by the Defendant Rava)

Accordingly, this Court did not err in denying Defendant Rava's Motion for Summary Judgment with respect to his asserted defense of qualified immunity.

B. **The Court did not err in denying Defendant Rava's Motion for Summary Judgment on a Failure to Train theory.**

As noted above, a motion to reconsider "may not raise new arguments that could have (or should have) been made in support of or in opposition to the original motion." Helfrich, 2005 U.S. Dist. LEXIS 14792, at *3 (E.D. Pa. July 21, 2005). In the portion of its Motion for Summary Judgment addressing Plaintiff's failure to train claim, Defendant Rava did not discuss his individual liability whatsoever. (See ECF # 39, at 13-20). This Court noted as much in its Memorandum Opinion. (ECF # 52, at 45) ("Although the brief in support includes conclusory statements that 'the Tech Defendants are entitled to judgment as a matter of law[,]' the substantive arguments each pertain only to Tech's liability for the claim under *Monell*.")

Defendant Rava now seeks to make several new arguments to claim he is not individually liable. (See, e.g. ECF #55 at 4, 5) ("[T]here is no legal basis two [*sic*] separate the employee from its employer.") ("The closest theory that could be viable for individual liability would be supervisor liability, but there are no allegations and no record evidence to support the same. Notwithstanding, this is not a theory recognized in the Third Circuit. Even if it did, the record would not be able to meet the standard utilized in other circuits.") Defendant Rava even includes an entire

section on individual liability under Section 1983. (ECF #54-1, at 5 n.1) To be clear, **<u>none</u>** of these arguments were advanced in Defendant Rava's Motion for Summary Judgment. It is completely inappropriate for Defendant Rava to advance these arguments now, and this Court should disregard this entire portion of Defendant's motion.

## **<u>CONCLUSION</u>**

Defendant Rava has provided no cognizable basis for this Court to reconsider its Decision and Order of September 15, 2025. Accordingly, this Decision and Order must stand, and Defendant Rava's Motion for Reconsideration must be denied in its entirety.

Dated: October 3, 2025    <u>*/s/ Ryan P. Dickinson*</u>
Ryan P. Dickinson, Esq. (PA #332378)
ryan@vca.law
Nathaniel L. Foote, Esq. (PA #318998)
nate@vca.law
Andreozzi + Foote
4503 North Front Street
Harrisburg, PA 17110
Ph: 717.525.9124 | Fax: 717.525.9143
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

      The undersigned attorney for Plaintiff hereby certifies that a true and correct copy of the foregoing document has been electronically filed and is available for viewing and downloading from the ECF system in accordance with the local Federal Rules of Civil Procedure and has been served electronically upon the following counsel of record on this day addressed as follows:

Alyssa M. Hicks
ahicks@kingspry.com
John E Freund, III
jef@kingspry.com
King Spry Herman Freund & Faul, LLC
One West Broad Street
Bethlehem, PA 18018

Dated: October 3, 2025                                  */s/ Ryan P. Dickinson*
                                                                Ryan P. Dickinson, Esq.